UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR EMERICK, an individual,<br><br>                       Plaintiff,<br><br>v.<br><br>REGUS MANAGEMENT GROUP, LLC, a Delaware corporation, an DOES 1 through 25, inclusive<br><br>                       Defendants. | CASE NO.: 3:18-cv-1576-GPC-LL<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>**[ECF No. 12]** |

      Before the Court is Plaintiff Taylor Emerick ("Plaintiff") Motion for Leave to File a First Amended Complaint, filed on April 12, 2019. ECF No. 26. No oppositions have been filed. Upon review of the moving papers, the Court finds good cause to permit the filing of a First Amended Complaint.

      On July 18, 2018, Plaintiff filed the present wrongful termination action against Defendant Regus Management Group LLC ("REGUS") alleging four causes of action: 91), violation of the California Fair Employment and Housing Act ("FEHA") and the California Family Rights Act ("CFRA"); (2) retaliation in violation of the CFRA; wrongful termination in violation of public policy; and (4) unfair business practices. However, on October 4, 2018, Plaintiff's former counsel passed away and a Notice of

Death was filed on or about October 22, 2018.  Plaintiff then began her search for a new attorney, and on March 5, 2019, Corey Hanrahan and Aisley Gilliland were substituted into this case on Plaintiff's behalf.  In response to Plaintiff's noticed motion, the Court modified its scheduling order on March 19, 2019, to extend all previously set dates and extended Plaintiff's time to file a Motion for Leave to Amend to April 15, 2019.  ECF No. 23.

Rule 15(a) of the Federal Rules of Civil Procedure states that, after the initial period for amendments as of right, pleadings may only be amended by leave of court, which "[t]he court shall freely give when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Courts commonly use four factors to determine the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.  *Ditto v. McCurdy*, 510 F.3d 1070, 1078-79 (9th Cir. 2007); *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).  "When weighing these factors . . . all inferences should be made in favor of granting the motion to amend."  *Hofstetter v. Chase Home Fin., LLC*, 751 F. Supp. 2d 1116, 1122 (N.D. Cal 2010) (citing *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

Here, the Court finds that Plaintiff's instant motion is made in good faith and was timely filed in accordance to the guidelines set forth by this Court's Scheduling Order on March 19, 2019.  ECF No. 23.  Plaintiff provides articulable reasons to support that her amendment.  Specifically, she seeks provide "greater fullness of detail to all four causes of action" and wishes to remedy any factual inconsistencies to conform to the documented facts revealed from discovery to date.  ECF No. 26 at 3.  Moreover, the Court finds that Plaintiff's unopposed amendment to the complaint will not produce any undue delay or prejudice to the Regus.  Thus, the Court finds good cause to permit the filing of a First Amended Complaint.

//

//

**IT IS HEREBY ORDERED**:

1) Plaintiff's Motion to Amend/Correct the First Amended Complaint, ECF No. 26, is **GRANTED**; and

2) Regus' Motion to Dismiss the Complaint, ECF No. 15, is **DENIED AS MOOT.**

Plaintiff shall file her First Amended Complaint no later than 20 days from the date of this order. The hearing on the motion set for June 21, 2019 has been **vacated**.

**IT IS SO ORDERED.**

Dated: June 6, 2019

Hon. Gonzalo P. Curiel
United States District Judge