UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR EMERICK, an individual,<br><br>                                    Plaintiff,<br><br>v.<br><br>REGUS MANAGEMENT GROUP, LLC,<br>a Delaware corporation, an DOES 1<br>through 25, inclusive<br><br>                                    Defendants. | CASE NO.:  3:18-cv-1576-GPC-LL<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION RE. ORDER GRANTING LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>**[ECF No. 34]** |

Before the Court is Defendant Regus Management Group, LLC's ("Defendant"), Notice of Motion and Motion for Reconsideration of Order Granting Plaintiff's Motion for Leave to File an Amended Complaint.  ECF No. 34.  Plaintiff Taylor Emerick ("Plaintiff") filed a response on July 12, 2019.  ECF No. 37.  Upon review of both the moving papers and Defendant's initial opposition to the Motion for Leave to Amend filed on April 26, 2019, ECF No. 26, the Court again finds good cause to permit the filing of a First Amended Complaint and **DENIES** the Motion for Reconsideration.

On July 18, 2018, Plaintiff filed the present wrongful termination action against Defendant Regus Management Group LLC ("REGUS") alleging four causes of action: 1), violation of the California Fair Employment and Housing Act ("FEHA") and the

California Family Rights Act ("CFRA"); (2) retaliation in violation of the CFRA; 3) wrongful termination in violation of public policy; and (4) unfair business practices. However, on October 4, 2018, Plaintiff's former counsel passed away and a Notice of Death was filed on or about October 22, 2018. Plaintiff then began her search for a new attorney, and on March 5, 2019, Corey Hanrahan and Aisley Gilliland were substituted into this case on Plaintiff's behalf. In response to Plaintiff's noticed motion, the Court modified its scheduling order on March 19, 2019, to extend all previously set dates and extended Plaintiff's time to file a Motion for Leave to Amend to April 15, 2019. ECF No. 23.

On April 12, 2019, Plaintiff filed a Motion for Leave to File a First Amended Complaint in accordance with the Court's Amended Scheduling Order. ECF No. 26. On April 26, 2019, Defendant alternately filed and then withdrew and then re-filed its Opposition to Plaintiff's Motion for Leave to Amend. ECF No. 26. As Plaintiff notes in the opposition brief to the present motion, ECF No. 37 at 2, this resulted in "some confusion on the Court's docket" and the Court, in its Order Granting the Motion to Amend/Correct, ECF No. 33, erroneously indicated that the initial motion to amend was unopposed.[1] As a result, Defendant filed the present Motion for Reconsideration on June 10, 2019. ECF No. 34.

Rule 15(a) of the Federal Rules of Civil Procedure states that, after the initial period for amendments as of right, pleadings may only be amended by leave of court, which "[t]he court shall freely give when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts commonly use four factors to determine the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Ditto v. McCurdy*, 510 F.3d 1070, 1078-79 (9th Cir. 2007); *Loehr v.*

---

[1] The Court notes that the docket had shown Defendants had filed their first response in opposition to the Motion to Amend as ECF No. 29, a second response in opposition as ECF No. 30, and a withdrawal of document (Defendant's notice of response in opposition to the Plaintiff's Motion for Leave to File First Amended Complaint, Dkt. 29) as ECF No. 31. The chronological order of docket, which shows that the withdrawal of the first response in opposition occurred after both opposition responses were filed, added to the confusion on the Court's docket.

*Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). "When weighing these factors . . . all inferences should be made in favor of granting the motion to amend." *Hofstetter v. Chase Home Fin., LLC*, 751 F. Supp. 2d 1116, 1122 (N.D. Cal 2010) (citing *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

In determining whether leave to amend is appropriate, the four factors do not carry equal weight. *Ramirez v. Deutsche Bank Nat. Trust Co.*, 2010 WL 3636172, at *1 (S.D. Cal. Sept. 1, 2010). Specifically, "prejudice to the opposing party . . . carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 19052 (9th Cir. 2003). Under Ninth Circuit precedent, substantial prejudice exists when the claims sought to be added "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002). But "neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010). Moreover, it is important to note that "litigation expenses alone do not equal prejudice." *Clark v. Citizens of Humanity, LLC*, 97 F. Supp. 3d 1199, 1209 (S.D. Cal. 2015). *See also Nissou-Rabban v. Capital One Bank (USA), N.A.*, 285 F. Supp. 3d 1136, 1145 (S.D. Cal. 2018) (opining that the "expenditure of additional monies or time do not constitute undue prejudice). In addition, Courts have often held that no prejudice exists when motion for leave to amend is brought "at an early stage in the proceedings." *See SAP AG. V. i2 Techs., Inc.,* 250 F.R.D. 472, 474 (N.D. Cal. 2008).

Defendants argue that Plaintiff's motion should be denied because of undue delay on account that Plaintiff seeks to amend her complaint to add facts that she knew before she filed her complaint. Moreover, Defendant argues that Plaintiff's motion was filed in bad faith since Defendant had already moved to dismiss the case due to Plaintiff's failure to prosecute her case. Defendant also contends that allowing Plaintiff to amend the

complaint would result in prejudice to the Defendant since an amendment would render moot the Motion to Dismiss.

After consideration of the Motion for Reconsideration and Defendant's initial opposition to the Motion to Amend, the Court still finds good cause under Rule 15 to permit the filing of an amended complaint. First, as iterated in its prior order granting Plaintiff leave to amend, the Court finds that Plaintiff's instant motion is made in good faith and was timely filed in accordance to the guidelines set forth by this Court's Scheduling Order on March 19, 2019. ECF No. 23. Next, the present litigation is at an early stage. Plaintiff filed an initial complaint in July of 2018. On or about October 4, 2018, Plaintiff's former counsel unfortunately passed away and Plaintiff was unable to find replacement counsel until March of 2019. Upon obtaining new counsel, Plaintiff promptly filed the motion to amend on April 12, 2019. ECF No. 26. Plaintiff has not previously amended the initial Complaint and the present motion is the first request to do so. And finally, Plaintiff provides articulable reasons to support her amendment. Specifically, she seeks provide "greater fullness of detail to all four causes of action" and wishes to remedy any factual inconsistencies to conform to the documented facts revealed from discovery to date. ECF No. 26 at 3.

As such, there is no support for Defendant's assertion that Plaintiff acted in a dilatory fashion – or in bad faith with undue delay. The fact that filing a first amended complaint would moot a motion to dismiss does not constitute a sufficient showing of prejudice against a defendant, especially when "all inferences should be made in favor of granting the motion to amend." *Hofstetter v. Chase Home Fin., LLC*, 751 F. Supp. 2d 1116, 1122 (N.D. Cal 2010) (citing *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)). All in all, the proposed amendment does not resemble the sort of "radical shift in direction … tenuous nature, and the inordinate delay" that the Ninth Circuit has found prejudicial. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). As a result, the Court concludes that Defendants have not borne their burden – in either the initial opposition or the motion for reconsideration – of showing that leave

to amend should be denied.  Accordingly, Defendant's Motion for Reconsideration, ECF No. 34, is **DENIED**.  The hearing on the motion set for July 12, 2019 has been **vacated**.

     **IT IS SO ORDERED.**

Dated:  July 9, 2019

_____
Hon. Gonzalo P. Curiel
United States District Judge

3:18-cv-02856-GPC-MSB