UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR EMERICK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>REGUS MANAGEMENT GROUP, LLC,<br>a Delaware corporation,<br><br>Defendant. | Case No.:  18-cv-1576-GPC-DEB<br><br>**ORDER DENYING REGUS MANAGEMENT GROUP, LLC'S MOTION TO ALLOW DEFENDANT TO RELY UPON THE NEWLY-DISCOVERED FMLA FAQS AND ALLOW PLAINTIFF TO CONDUCT LIMITED DISCOVERY REGARDING THE FMLA FAQS**<br><br>**[DKT. NO. 94]** |

Before the Court is Defendant's Motion to Allow Defendant to Rely upon the Newly-Discovered FMLA FAQs and Allow Plaintiff to Conduct Limited Discovery Regarding the FMLA FAQs ("Motion"). Dkt. No. 94.[1] Plaintiff opposes the Motion. Dkt. No. 100. For the reasons explained below, the Court Denies the Motion.

/ /

---

[1] The Court's citations to the docket refer to the page numbers assigned by the Court's CM-ECF system.

## I.  Relevant Factual and Procedural Background

The Court ordered the parties to exchange Federal Rule of Civil Procedure 26(a)(1) initial disclosures by September 17, 2018 (Dkt. No. 7 at 2), complete fact discovery by August 15, 2019 (Dkt. No. 38 at 2), and make Federal Rule of Civil Procedure 26(a)(3) Pretrial Disclosures by February 18, 2020 (Dkt. No. 23 at 2).

On February 25, 2020, District Judge Gonzalo P. Curiel held the Pretrial Conference and directed the parties to participate in a Settlement Conference with then-Magistrate Judge Linda Lopez. Dkt. No. 59.

On April 7, 2020, Judge Lopez held the Settlement Conference. Dkt. No. 67. During this Settlement Conference "[d]efense counsel became aware" of Defendant's "Family and Medical Leave Act (FMLA) & Short Term Disability (STD) FAQs" ("FMLA FAQs"). Dkt. No. 94-1 at 2. On April 13, 2020, Defendant supplemented its document production with the FMLA FAQs.[2] Dkt. No. 94-4. On April 21, 2020, without seeking relief from the February 18, 2020 Pretrial Disclosures deadline (Dkt. No. 23 at 2), Defendant filed Amended Pre-trial Disclosures including the FMLA FAQs as a trial exhibit. Dkt. No. 68. Plaintiff filed an objection the next day, arguing the FMLA FAQs is "Irrelevant and prejudicial. Fed. R. Evid. 402, 403; Not timely disclosed in discovery, mandatory disclosures or pretrial order. Fed. R. Evid. 37; ECF No.11, ¶¶ 4 and 10." Dkt. No. 69 at 19.

On May 29, 2020, Judge Curiel held a Status Conference. Dkt. No. 71. Defendant represents it raised the issue of Plaintiff's objections to the belated FMLA FAQs production, and "Judge Curiel directed Defendant to file a motion to be heard by the Magistrate Judge [at that time, Judge Lopez] and requested that Defendant set forth its proposed remedies." Dkt. No. 94 at 4. Judge Curiel has held five additional Status Conferences since: July 16, 2020 (Dkt. No. 73); October 2, 2020 (Dkt. No. 74); January 8, 2021 (Dkt. No. 76); May 7, 2021 (Dkt. No. 78); June 3, 2021 (Dkt. No. 80).

---

[2] This supplemental production is responsive to Plaintiff's First Request for Production served on March 25, 2019. Dkt. Nos. 100 at 5, 100-1 at 6–7.

On February 4, 2022, eight months after the sixth Status Conference and nearly twenty-one months after Judge Curiel directed Defendant to file a motion regarding the FMLA FAQs, Defendant filed this Motion "[i]n accordance with [Judge Curiel's] directions." Dkt. No. 94 at 4.

## II.   Discussion

Defendant's Motion seeks leave "to rely upon its newly-discovered document entitled [FMLA FAQs] and allow Plaintiff . . . to conduct limited additional discovery regarding the FMLA FAQs," which "Defense counsel became aware of [Defendant's] FMLA FAQs . . . on April 7, 2020" during the Settlement Conference with Judge Lopez. Dkt. No. 94-1 at 2. Because Defendant's production of the FMLA FAQs occurred late in the case and long after the deadline for Pretrial Disclosures, the Court must consider whether Defendant is entitled to relief from the Scheduling Order.

A request to modify the scheduling order under Rule 16 requires a showing of good cause. Fed. R. Civ. P. 16 (b)(4); *see also* Dkt. No. 11 at 5 (stating the dates set forth in the Scheduling Order Regulating Discovery and Other Pretrial Proceedings "will not be modified except for good cause shown"). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

A party seeking relief from a lapsed deadline must demonstrate both good cause and excusable neglect. Fed. R. Civ. P. 6(b)(1)(B) (stating "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."); *see also Clay v. Cytosport, Inc.*, 15-cv-00165-L-DHB, 2016 WL 11523615, at *5 (S.D. Cal. Oct. 19, 2016) (evaluating a motion to re-open discovery under Rule 6(b)(1)(B)).

Defendant neither explains why it did not discover the FMLA FAQs until the April 7, 2020 Settlement Conference nor describes any diligence it undertook to timely satisfy the disclosure and discovery deadlines.

/ /

1    Defendant also did not diligently seek relief after discovering the FMLA FAQs.
2  Instead, Defendant waited to file this Motion for nearly twenty-one months after Judge
3  Curiel instructed it to do so. By then, the relevant deadlines had long-passed: the Rule
4  26(a)(1) initial disclosure deadline had expired nearly forty-one months prior; the fact
5  discovery deadline had expired nearly thirty months prior; and the Rule 26(a)(3) Pretrial
6  Disclosure deadline had expired almost two years prior.

7    Defendant's lack of diligence in both failing to timely produce the FMLA FAQs and
8  failing to timely file this Motion precludes any finding of good cause to grant Defendant
9  relief. *Johnson,* 975 F.2d at 609 ("If [the moving] party was not diligent, the [good cause]
10 inquiry should end.").

11    Under Federal Rule of Civil Procedure 37(c)(1), a party is not allowed to use
12 evidence not disclosed in accordance with Rule 26(a) or (e) "unless the failure was
13 substantially justified or harmless." As discussed, Defendant offers no justification for its
14 failure to timely disclose and produce the FMLA FAQs. And allowing this evidence now
15 would not be harmless. Plaintiff served document requests that encompass the FMLA
16 FAQs on March 25, 2019, when it would have had sufficient time to conduct follow-up
17 discovery before discovery closed. Dkt. Nos. 100 at 5, 100-1 at 6–7. Permitting Defendant
18 to rely on the FMLA FAQs at trial would necessitate reopening discovery so Plaintiff can
19 "re-depose Defendant's person most qualified, and possibly others." Dkt. No. 100 at 5–6.
20 This additional delay and expense is not harmless. *Hoffman v. Constr. Protective Servs.,*
21 *Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008) (belated disclosure, which could have "perhaps
22 [necessitated] re-open[ing] discovery, rather than simply set[ing] a trial date," was not
23 harmless.). The FMLA FAQs, therefore, is excluded under Rule 37(c)(1).

24 / /
25 / /
26 / /
27 / /
28 / /

18-cv-1576-GPC-DEB

1

**III.   Conclusion**

Based on the foregoing, the Court Denies Defendant's Motion.

IT IS SO ORDERED.

Dated:  March 30, 2022

Honorable Daniel E. Butcher
United States Magistrate Judge